UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 1:21-cv-24155 FAM

GOVERNMENT EMPLOYEES' INSURANCE CO., GEICO INDEMNITY CO., GEICO GENERAL INSURANCE COMPANY and GEICO CASUALTY CO.,

        Plaintiffs,

vs.

DR. GILBERTO SECO, M.D., MED-UNION MEDICAL CENTER, INC., JORGE A. GONZALEZ, ALIUSKA AMIGO, L.M.T., SHINUET CABRERA, SERGIO VENTO ANGARICA, JULIO CESAR PELAEZ, F.N.P., LEANNE TRIGOURA, F.N.P., NEW GENERATION REHABILITATION CENTER INC, BRYAN ABREU, ORLANDO E. LEIVA, M.D., PREMIUM MEDICAL CENTER CORP, MABEL GUTIERREZ CONCEPCION, L.M.T., OMNIA FERNANDEZ, A.G.N.P., GONZALEZ'S MEDICAL CENTER, INC, JOSE J. GONZALEZ, WILFREDO BLASINI, M.D., ROSALVA ZEGARRA, P.A., FELIPE DELGADO, L.M.T., and GISELA CATALINA DE VALLE, L.M.T.,

        Defendants,
_____/

**ANSWER AND AFFIRMATIVE DEFENSES**

The Defendants, DR. GILBERTO SECO M.D., GONZALEZ MEDICAL CENTER INC., JOSE J. GONZALEZ, FELIPE DELGADO L.M.T., GISELA CATALINA DE VALLE, L.M.T., (collectively "Gonzalez Medical Defendants'), by and through undersigned counsel, files this answer to the complaint and states:

    1.    Denied

2. Denied

3. Denied

4. Admit that the corporate defendant is a Florida corporation with its principal place of business in Miami Dade County; and that the individual defenses are residents of Miami Dade County, Florida. The remainder of the averments in ¶ 4 is denied.

5. Admit that Dr. Tony Nguyen D.O. was licensed to practice medicine on July 18, 2017. The remainder of ¶ 5 is denied.

6. Denied

7. Admitted

8. Admitted

9. The averments in ¶ 9 is a statement of law to which no response is required.

10. The averments in ¶ 10 is a statement of law to which no response is required.

11. The averments in ¶ 11 is a statement of law to which no response is required.

12. The averments in ¶ 12 is a statement of law to which no response is required.

13. The averments in ¶ 13 is a statement of law to which no response is required.

14. The averments in ¶ 14 is a statement of law to which no response is required.

15. The averments in ¶ 15 is a statement of law to which no response is required.

16. Denied

17. Denied

18. Denied

19. Denied

20. Denied

21. Denied

22. Denied

23. Denied

24. Denied

25. Denied

26. Denied

27. Denied

28. Denied

29. Denied

30. Denied

31. Denied

32. Denied

33. Denied

34. Denied

35. Denied

36. Denied

37. Denied

38. Denied

39. Denied

40. Denied

41. Denied

42. Denied

43. Denied

44. Denied

45. Denied

46. Denied

47. Denied

48. Denied

49. Denied

50. Denied

51. Denied

52. Denied

53. Denied

54. Denied

55. Denied

56. Denied

57. Denied

58. Denied

59. Denied

60. Denied

61. Denied

62. Denied

63. Denied

64. Denied

65. Denied

66. Denied

67. Denied

68. Denied

69. Denied

70. Denied

71. Denied

72. Denied

73. Denied

74. Denied

75. Denied

76. Denied

77. Denied

78. Denied

79. Denied

80. Denied

90. Denied

91. Denied

92. Denied

93. Denied

94. Denied

95. Denied

96. Denied

## FIRST CAUSE OF ACTION
### (Clinic Defendants)

97. Defendants incorporate its plea of confession and traverse in ¶¶ 1-96 as though fully set forth herein.

98. Denied

99. Denied

100. Denied

101. Denied

102. Denied

103. Denied

104. Denied

105. Denied

## SECOND CAUSE OF ACTION
### Against J.A. Gonzalez, Amigo, Cabrera, Angarica, and Seco
### Violation of RICO, 18 U.S.C. § 1962(c)

106. Defendants incorporate its plea of confession and traverse in ¶¶ 1-96 as though fully set forth herein.

107. Denied

108. Denied

109. Denied

110. Denied

111. Denied

112. Denied

113. Denied

## THIRD CAUSE OF ACTION
### Against J.A. Gonzalez, Amigo, Cabrera, Angarica, Seco, Pelaez, and Trigoura
### (Violation of RICO, 18 U.S.C. § 1962(d))

114. Defendants incorporate its plea of confession and traverse in ¶¶ 1-96 as though fully set forth herein.

    115. Denied

    116. Denied

    117. Denied

    118. Denied

    119. Denied

    120. Denied

    121. Denied

## FOURTH CAUSE OF ACTION
### Against the Med Union Defendants
### (Under Fla. Stat., 501.201 et. seq.)

122. Defendants incorporate its plea of confession and traverse in ¶¶ 1-96 as though fully set forth herein.

    123. Denied

    124. Denied

    125. Denied

    126. Denied

    127. Denied

    128. Denied

    129. Denied

    130. Denied

## FIFTH CAUSE OF ACTION
### Against the Med-Union Medical Defendants
### (Common Law Fraud)

131. Defendants incorporate its plea of confession and traverse in ¶¶ 1-96 as though fully set forth herein.

132. Denied

133. Denied

134. Denied

135. Denied

136. Denied

137. Denied

## SIXTH CAUSE OF ACTION
### Against the Med-Union Medical Defendants
### (Unjust Enrichment)

138. Defendants incorporate its plea of confession and traverse in ¶¶ 1-96 as though fully set forth herein.

139. Denied

140. Denied

141. Denied

142. Denied

## SEVENTH CAUSE OF ACTION
### Against Abreu and Seco
### (Violation of RICO 18 U.S.C. § 1962(c))

143. Defendants incorporate its plea of confession and traverse in ¶¶ 1-96 as though fully set forth herein.

144. Denied

145. Denied

146. Denied

147. Denied

148. Denied

149. Denied

150. Denied

151. Denied

## EIGHTH CAUSE OF ACTION
### Against Abreu, Seco and Leiva
### (Violation of RICO, 18 U.S.C. § 1962(d))

152. Defendants incorporate its plea of confession and traverse in ¶¶ 1-96 as though fully set forth herein.

153. Denied

154. Denied

155. Denied

156. Denied

157. Denied

158. Denied

159. Denied

## NINTH CAUSE OF ACTION
### Against the New Generation Rehab Defendants
### (Under Fla. Stat., 501.201 et. seq.)

160. Defendants incorporate its plea of confession and traverse in ¶¶ 1-96 as though fully set forth herein.

161. Denied

162. Denied

163. Denied

164. Denied

165. Denied

166. Denied

167  Denied

168. Denied

## TENTH CAUSE OF ACTION
### Against the New Generation Rehab Defendants
### (Common Law Fraud)

169. Defendants incorporate its plea of confession and traverse in ¶¶ 1-96 as though fully set forth herein.

170. Denied

171. Denied

172. Denied

173. Denied

174. Denied

175. Denied

## ELEVENTH CAUSE OF ACTION
### Against the New Generation Rehab Defendants
### (Unjust Enrichment)

176. Defendants incorporate its plea of confession and traverse in ¶¶ 1-96 as though fully set forth herein.

177. Denied

178. Denied

179. Denied

180. Denied

181. Denied

## TWELFTH CAUSE OF ACTION
### Against Gutierrez Concepcion and Seco
### (Violation of RICO 18 U.S.C. § 1962(c))

182. Defendants incorporate its plea of confession and traverse in ¶¶ 1-96 as though fully set forth herein.

183. Denied

184. Denied

185. Denied

186. Denied

187. Denied

188. Denied

189. Denied

## THIRTEENTH CAUSE OF ACTION
### Against Concepcion Gutierrez, Seco, Fernandez
### (Violation of RICO, 18 U.S.C. § 1962(d))

190. Defendants incorporate its plea of confession and traverse in ¶¶ 1-96 as though fully set forth herein.

191. Denied

192. Denied

193. Denied

194. Denied

195. Denied

196. Denied

197. Denied

## FOURTEENTH CAUSE OF ACTION
### Against the Premium Medical Defendants
### (Under Fla. Stat., 501.201 et. seq.)

198. Defendants incorporate its plea of confession and traverse in ¶¶ 1-96 as though fully set forth herein.

199. Denied

200. Denied

201. Denied

202. Denied

203. Denied

204. Denied

205. Denied

206. Denied

## FIFTEENTH CAUSE OF ACTION
### Against the Premium Medical Defendants
### (Common Law Fraud)

207. Defendants incorporate its plea of confession and traverse in ¶¶ 1-96 as though fully set forth herein.

208. Denied

209. Denied

210. Denied

211. Denied

212. Denied

213. Denied

## SIXTEENTH CAUSE OF ACTION
### Against the Premium Medical Defendants
### (Unjust Enrichment)

214. Defendants incorporate its plea of confession and traverse in ¶¶ 1-96 as though fully set forth herein.

215. Denied

216. Denied

217. Denied

218. Denied

219. Denied

## SEVENTEENTH CAUSE OF ACTION
### Against J.J. Gonzalez and Blasini
### (Violation of RICO, 18 U.S.C. § 1962(c))

220. Defendants incorporate its plea of confession and traverse in ¶¶ 1-96 as though fully set forth herein.

221. Denied

222. Denied

223. Denied

224. Denied

225. Denied

226. Denied

227. Denied

## EIGHTEENTH CAUSE OF ACTION
### Against J.J. Gonzalez, Seco, Blasini, Zegarra, Delgado and De Valle
### (Violation of RICO, 18 U.S.C. § 1962(d))

228. Defendants incorporate its plea of confession and traverse in ¶¶ 1-96 as though fully set forth herein.

229. Denied

230. Denied

231. Denied

232. Denied

233. Denied

235. Denied

## NINETEENTH CAUSE OF ACTION
### Against the Gonzalez Medical Defendants
### (Under Fla. Stat. § 501.203)

236. Defendants incorporate its plea of confession and traverse in ¶¶ 1-96 as though fully set forth herein.

237. Denied

238. Denied

239. Denied

240. Denied

241. Denied

242. Denied

243. Denied

244. Denied

## TWENTIETH CAUSE OF ACTION
### Against the Gonzalez Medical Defendants
### (Common Law Fraud)

245. Defendants incorporate its plea of confession and traverse in ¶¶ 1-96 as though fully set forth herein.

246. Denied

247. Denied

248. Denied

249. Denied

250. Denied

251. Denied

## TWENTY FIRST CAUSE OF ACTION
### Against the Gonzalez Medical Defendants
### (Unjust Enrichment)

252. Defendants incorporate its plea of confession and traverse in ¶¶ 1-96 as though fully set forth herein.

253. Denied

254. Denied

255. Denied

256. Denied.

257. Denied

258. The averment in ¶ 257 is a statement of fact for which a response is required.

## **AFFIRMATIVE DEFENSES**

### I. First Affirmative Defense

259. Defendants assert that the complaint fails to state cause of action in part on two separate grounds:

(a) the complaint fails to allege facts to establish that the massage therapists were totally unsupervised. Specifically, Plaintiff did not allege facts to establish that the treating medical physicians and medical director failed to generally, or indirectly, supervise the massage therapists when not in premises in accordance with the administrative rule promulgated by the Florida Board of Medicine: Rule 64B-2.001(1)(b), F.A.C.

(b) the complaint fails to state a cause of action, in part, because Plaintiff fails to allege undisclosed facts extrinsic to the claims submissions (i.e., the treatment and accident reports) to establish that the submissions were falsified. It is not plausible that before the claims were paid, Plaintiffs were unaware of the diagnosis, treatment protocol, and whether evaluation reports met the coding requirements; pip insurers do not adjust claims without medical records.

### II. Second Affirmative Defense

260. Plaintiffs' claim for unjust enrichment, to the extent unjust enrichment is based on the allegations of a pre-determined treatment protocol, upcoding, is barred by the voluntary payment doctrine. Plaintiffs paid the claims with knowledge of the diagnosis and treatment protocol prescribed for each patient; and instead of denying or down coding the charges for patient initial and follow up exams, Plaintiffs paid them after reviewing the evaluation reports.

## **PRAYER FOR RELIEF**

WHEREFORE the Defendants, DR. GILBERTO SECO M.D., GONZALEZ MEDICAL CENTER INC., JOSE J. GONZALEZ, FELIPE DELGADO L.M.T., GISELA CATALINA DE

VALLE, L.M.T., prays for a judgment dismissal with prejudice and for costs, attorney fees under §§ 501.2105, 627.428, *Fla. Stat*.

## JURY TRIAL DEMAND

Defendant request trial by jury on all triable issues.

Dated on this 24th day of January 2022

Respectfully Submitted,

*/s/Christian Carrazana*
Christian Carrazana, Esq.
Fla. Bar No.: 188115
**CHRISTIAN CARRAZANA, P.A.**
P.O. Box 900520
Homestead Florida 33090-0520
Tel No.: (786) 226-8205
Email: christian@carrazana-legal.com
*Attorney for Defendants*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of this document was served via CM/ECF on all parties of record in the attached services list.

*/s/Christian Carrazana*
Christian Carrazana, Esq.