UNITED STATES DISTRICT COURT SOUTHERN DISTRICT OF FLORIDA

CASE NO. 21-CV-24155- FAM

GOVERNMENT EMPLOYEES' INSURANCE CO., GEICO INDEMNITY CO., GEICO GENERAL INSURANCE COMPANY and GEICO CASUALTY CO.,

**Plaintiffs,**

vs.

GILBERTO SECO, M.D., MED-UNION MEDICAL CENTER, INC., JORGE A. GONZALEZ, ALIUSKA AMIGO, L.M.T., SHINUET CABRERA, SERGIO VENTO ANGARICA, JULIO CESAR PELAEZ, F.N.P., LEANNE TRIGOURA, F.N.P., NEW GENERATION REHABILITATION CENTER INC, BRYAN ABREU, ORLANDO E. LEIVA, M.D., PREMIUM MEDICAL CENTER CORP, MABEL GUTIERREZ CONCEPCION, L.M.T., OMNIA FERNANDEZ, A.G.N.P., GONZALEZ'S MEDICAL CENTER, INC, JOSE J. GONZALEZ, WILFREDO BLASINI, M.D., ROSALVA ZEGARRA, P.A., FELIPE DELGADO, L.M.T., and GISELA CATALINA DE VALLE, L.M.T.,

**Defendants.**

_____/

### DEFENDANT WILFREDO BLASINI, M.D.'S MOTION TO DISMISS

**COMES NOW** the Defendant, **WILFREDO BLASINI, M.D** (DR. BLASINI) (by and through his undersigned counsel, pursuant to Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6), and moves this Honorable Court to dismiss Plaintiffs' Complaint, enter an Order requiring the Plaintiffs to file an amended complaint consistent with the arguments herein, and/or strike the Plaintiffs' claim for attorney's fees.

## INTRODUCTION

The Plaintiffs have filed multiple claims for relief against twenty (20) separate Defendants. Their complaint is over Eighty-Five (85) pages in length and over Twelve hundred pages (1200) pages of attachments. Plaintiffs are in the business of settling insurance claims after GEICO investigates, evaluates, and negotiates the claims that injured parties and their attorneys submit. This lawsuit involves numerous Personal Injury Protection (PIP) claims of which the Plaintiffs have negotiated and previously settled with accident victims over past years. Without disturbing those settlements, the Plaintiffs are now pursuing the health care providers (DEFENDANTS) who treated the accident victims, to recoup some of the money previously settled by these claims. Plaintiffs now bring this complaint which includes cause of actions for violation of the Federal Rico Statute, Fraud, and Unjust Enrichment claims. Actions predicated on the health care providers purported violations of various Florida regulatory and licensing statutes. DR. BLASINI is a Licensed Medical Doctor M.D. The complaint bases its entire position on legal conclusions and lacks any plausible facts that connect DR. BLASINI to any improper conduct.

DR. BLASINI was an independent contractor whose sole responsibility was to serve as Gonzalez Medical Center Inc. as their Medical Director from March of 2015 to September 2017. **(ECF 1 Par 4)** He had no authority nor control over the insurance billing process. The records provided by the Plaintiff's do not show that DR. BLASINI was ever a treating physician at Gonzalez Medical Center Inc. There exists no evidentiary nexus nor causal relationship regarding the false claims alleged by the Plaintiff and the services rendered by DR. BLASINI.

## GEICO'S "DIRECT SUPERVISION" POSITION IS A LEGAL CONCLUSION NOT SUPPORTED BY FACTS

Although the complaint is over 85 pages there is not one paragraph that alleges that DR. BLASINI was in any way involved in the billing for Gonzalez Medical Center Inc. The plaintiff's sole argument against DR. BLASINI is that he violated Florida's Health Care Clinic Act (Fla. Stat. 400.9935), because as Medical Director for Gonzalez Medical Center Inc. "never legitimately conducted systematic review" of Gonzalez Medical Center Inc billings: permitted Gonzalez Medical Center Inc to " misrepresent the identities of the treating provider, bill for illusory services, misrepresent the nature, extent, and results of patient examinations, and bill for " physical therapy" services that were performed by unsupervised masseuses to purport to perform " physical therapy" **(ECF 1 Par. 23).**

The Health Care Clinic Act states that a Medical Director Accepts "legal responsibility for the activities of the clinic by conducting "systematic review" of the clinic's billings. However, it is important to note that nowhere in the Clinic Act does it state how thorough a medical director's systematic review must be *Allstate Ins. Co. Vizcay, 826 F. 3d 1326, 1332 (11th Cir. 2016)*. This leaves the implementation of the Statute to the Florida Agency for Health Care Administration (ACHA). The Plaintiff's fail throughout their complaint to allege that DR. BLASINI had in any way violated the guidelines established by ACHA on how to conduct his responsibilities as the Medical Director for Gonzalez Medical Center Inc.

One thing is clear, Florida Administrative Code does not require Medical Directors to be physically present within the clinic that they accept legal responsibility for. Under the Florida Administrative Code, a doctor may be the Medical Director for up to five health care

clinics at the same time. *(Fla. Admin. Code Ann. R. 59A-33.013.)* Clearly, since the Administrative Code allows doctors to serve as the Medical Director for up to five clinics at the same time, the legislations do not intend to require the Medical Director's physical presence in each of the offices he is supervising while overseeing the treatments that are being provided. The implementation of F.S. *400.9935* falls within the purview of AHCA they are the State Agency that supervises and inspects the respective Health Clinics that operate in the State of Florida. Throughout their complaint, the facts used by the Plaintiffs are conclusionary and not supported.

For example, in Paragraph 37 of the Complaint, the Plaintiff's alleged that the alleged treating Physician, Dr. Seco, was the treating physician at several locations simultaneously and that he could not possibly be present at all these locations, at the same time. **(See ECF. 1 PAR. 37)** However, the complaint does not allege that DR. BLASINI is or was involved with any of the other clinics that Dr. Seco was allegedly working at, either as treating physician or as Medical Director. In fact, the complaint clearly establishes that DR. BLASINI was only involved with Gonzalez Medical Center Inc. No facts are included in the complaint that show how DR. BLASINI would be aware when or where else Dr. Seco worked while employed at Gonzalez Medical Center Inc.

The Plaintiff's conceded that they were given all of these medical notes and their very own experts who reviewed the medical notes felt they were sufficient for GEICO to initially pay the claims. They are now asking the Court to excuse their own lack of due diligence in investigating properly submitted PIP claims, and now they are alleging that they have been defrauded. The Plaintiff's state that DR. BLASINI worked for Gonzalez Medical Center Inc from May of 2015 thru September of 2017. No where in their complaint do the

Plaintiffs allege that DR. BLASINI was involved with the clinic at any other time.

I. **LEGAL STANDARD OF REVIEW**

On a motion to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6), the Court must accept as true all well-pled allegations in the complaint. *See Hill v. White, 321 F.3d 1334, 1335 (11th Cir. 2003)*. The Court must view the complaint in light most favorable to the plaintiff, see*, e.g., Jackson v. Okaloosa County, Fla.*, 21 F.3d 1531, 1534 (11th Cir. 1994), and must limit its consideration to the pleadings and exhibits attached thereto. Fed. R. Civ. P. 10(c); *see also GSW, Inc. v. Long County, Ga.*, 999 F.2d 1508, 1510 (11th Cir. 1993).

No such presumptive truthfulness attaches, however, to conclusory allegations or unwarranted deductions of fact. *See S. Fla. Water Mgmt. Dist. v. Montalvo*, 84 F.3d 402, 408 n.10 (11th Cir. 1996). In *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007), the Supreme Court clarified that "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id*. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986) (alteration in original)). Rather, a plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Id*.

However, to survive a motion to dismiss, a plaintiff's complaint must include "'enough facts to state a claim for relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955 (2007)). The complaint "must be anchored in a bed of facts, not allowed to float freely on a sea of bombast. That is to say, a court assessing a claim's sufficiency has no obligation to take matters on blind faith; despite the highly deferential reading which [a court] accords a litigant's complaint under Rule 12(b)(6)." *Miranda v. Ponce Federal Bank*, 948 F.2d 41 (1st Cir. 1991). In short, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusion, and a formulaic recitation of the elements of a

cause of action will not do. *Twombly at 554-555 (2007).* However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).* In other words, "conclusory allegations, unwarranted factual deductions or legal conclusions masquerading as facts will not prevent dismissal." *Davila v. Delta Air Lines, Inc., 326 F.3d 1183, 1185 (11th Cir. 2003).*

The complaint's factual allegations "must be enough to raise a right to relief above the speculative level," *Id.* at 555, and cross "the line from conceivable to plausible." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1950-1951 (2009). All facts that plaintiffs have alleged against DR. BLASINI are conclusory and fail to meet the necessary threshold to state a claim.

## II. COUNTS SEVENTEEN AND EIGHTEEN OF THE COMPLAINT MUST BE DISMISSED AS THEY FAIL TO STATE A CAUSE OF ACTION THAT SATISFIES THE REQUIRMENTS OF THE FEDERAL CIVIL RICO STATUTE 18 U.S.C 1962.

To establish a Civil Racketeer Influenced and Corrupt Organization Act ("RICO") claim, a plaintiff must prove: (i) conduct; (ii) of an enterprise; (iii) through a pattern; (iv) of racketeering activity; and (iv) injury to business or property "by reason of" the substantive RICO violation. *Williams v. Mohawk Indus., Inc.*, 465 F. 3d 1277, 1282-83 (11th Cir. 2006) (citing 18 U.S.C. §§ 1962(c), 1964(c). A plaintiff must establish a distinction between the defendant "person" and the "enterprise" itself. A racketeering enterprise and the defendant must be two separate entities. *Cedric Kushner Promotions, Ltd. v. King*, 533 U.S. 158, 161-62, 121 S.Ct. 2087, 150 L.Ed.2d 198 (2001); *see also United States v. Goldin Indus., Inc.*, 219 F.3d 1268, 1271 (11th Cir. 2000) (en banc) ("We now agree with our sister circuits that, for the purposes of 18 U.S.C. § 1962(c), the indictment must name a RICO person distinct from the RICO enterprise.").

Plaintiffs fail to allege that DR. BLASINI was acting outside of the scope of his

employment. Hence for legal purposes, DR. BLASINI, was an independent contractor working for Gonzalez Medical Center Inc. The Courts have clearly established that a racketeering enterprise requires two or more *entities* acting in concert. The complaint also clearly establishes that DR. BLASINI has no authority nor control over the insurance billing nor what is billed and how it's billed to Plaintiff. There exists absolutely no evidentiary nexus, nor causal relationship regarding the false claims alleged by Plaintiff and the supervisory services rendered by DR. BLASINI.

The Complaint simply fails to establish a clear separation between DR. BLASINI and Gonzalez Medical Center Inc. such that Plaintiffs fails to satisfy the elements or existence of a RICO Enterprise. Remarkably, although the allegation section of Plaintiffs complaint is over eighty-five (85) pages in length and over twelve hundred (1200) pages of attachments the Plaintiffs still fail to allege in any part of its complaint that DR. BLASINI agreed to participate in criminal conduct or had any involvement in the submission of the health care claims at issue. While the lack of "distinctiveness" is fatal, Plaintiffs also fail to plead other crucial elements under 18 U.S.C. §1962(c) as well. For instance, Plaintiffs fail to plead facts that establish the organization or structure of the enterprise; there are no allegations that the authority over treatment plans and the resulting billing was at any time in the control of DR. BLASINI. The complaint does not address what role DR. BLASINI played within the enterprise, when he allegedly became involved in the enterprise, what conduct he allegedly undertook within the enterprise, and/or what part he undertook, if any, in directing the enterprise's affairs.

There are no specific facts detailing the allegation. The Supreme Court, in *Boyle v. United States*, 556 U.S. 938, 941 2009), confirmed that an alleged RICO enterprise must have some structure, holding that the structure of an enterprise consists of "a purpose, relationships among those associated with the enterprise, and longevity sufficient to permit

these associates to pursue the enterprise's purpose." *Id*. The Supreme Court has also held that, in order to establish a RICO cause of action, a plaintiff must also allege that each of the defendants have "conducted or participated" in the enterprise's affairs, satisfying what is known as the "operation or management" test. To allege a Section 1962(d) claim, a plaintiff must allege "that the conspirators agreed to participate directly or indirectly in the affairs of an enterprise through a pattern of racketeering activity." *United States v. Castro*, 89 F.3d 1443, 1451 (11th Cir. 1996).

An agreement to participate in a RICO conspiracy can be established either: (1) "showing an agreement of an overall objective" or (2) "in the absence of an agreement on an overall objective, by showing that a defendant agreed personally to commit two predicate acts." *United States v. Church*, 955 F.2d 688, 694 (11th Cir. 1992). "Plaintiffs must allege that the conspirators agreed to participate in the affairs of an enterprise through a pattern of racketeering activity and must show sufficient conduct on the part of the participants that such an agreement can be inferred." *In re Managed Care Litig*., 298 F. Supp. 2d 1259, 1280-81 (S.D. Fla. 2003) (citations omitted). "The existence of an agreement to further illegal acts are the key." *Id.* And, specific factual allegations must over two hundred (200) pages in length and over three thousand (3000) pages of attachments support the inference of an "agreement" to violate RICO. *Carter v. MGA, Inc.*, 189 Fed. Appx. 893, 895 (11th Cir. 2006).

If a plaintiff does not allege any additional allegations in its count for RICO conspiracy, but instead relies on the same deficient facts alleged for the RICO claims under § 1962(c), the RICO conspiracy claim must fail. *See Super Vision Intern., Inc. v. Mega Intern. Commercial Bank Co., Ltd.*, 534 F.Supp.2d 1326, 1342 (S.D. Fla. 2008) (*citing* as

articulated by the Eleventh Circuit, where the complaint fails to state a substantive RICO claim, a RICO conspiracy allegation "simply concludes that the defendants 'conspired and confederated' to commit conduct which in itself does not constitute a RICO violation." (Citing *Jackson v. BellSouth Telecomm.,* 372 F.3d 1250, 1269 (11th Cir.2004).

Here, the allegations in the Plaintiff's complaint do not support an inference of an agreement to the overall objective of the conspiracy or an agreement to commit two predicate acts on the part of DR. BLASINI. In analyzing the conspiracy claim under the plausibility standard, *Iqbal* instructs the Court to eliminate any allegations in Plaintiff's complaint that are merely legal conclusions. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009).

Accordingly, Plaintiff's allegations should be disregarded as they are precisely the type of "formulaic recitations" of a conspiracy claim, which the Supreme Court concluded were insufficient. *See Id*. at 1950-51 (holding that Iqbal's bare allegation that defendants *Aschcroft and Mueller* agreed to adopt a discriminatory policy was not entitled to the presumption of truth and should be ignored under *Twombly); See also, Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 557 (noting that "a conclusory allegation of agreement at some unidentified point does not supply facts adequate to show illegality").

In fact, a review of the allegations against DR. BLASINI fails to show that any of his conduct was outside the responsibilities he had as the medical Director of Gonzalez Medical Center Inc . Based on the arguments set forth above, Plaintiff's RICO conspiracy claim must fail as the allegations that form the basis of the underlying RICO claim are insufficient as a matter of law. Therefore, **Count Seventeen and Eighteen** should be dismissed.

## III . PLAINTIFF'S "SHOTGUN"  PLEADINGS  REQUIRE THAT PLAINTIFFS' FLORIDA  DECEPTIVE UNFAIR TRADE PRACTICES ACT (FDUTPA)  COUNTS NINETEEN AND COMMON LAW FRAUD COUNT TWENTY BE DISMISSED

A Common law fraud allegation requires specific conduct by a defendant to be pled by the Plaintiffs in their complaint.  GEICO fails to allege fraud with specificity in Count nineteen and twenty against DR. BLASINI. Instead, Plaintiffs incorporate and re-allege paragraphs 1-96. In fact, not only do the Plaintiffs re-allege paragraphs 1-96, but they also use the general term "Gonzalez Medical Center Inc. Defendants."   Rather than clearly identifying each defendant by name, the plaintiffs, in each of these separate causes of actions, have used a boiler plate description. The use of such a general term is a textbook example of a shotgun pleading. Plaintiffs, in each of its counts, incorporates all the preceding allegations of the Complaint.  Such a pleading is known as a "shotgun complaint."  *See Ferrell v. Durbin*, 311Fed.Appx. 253, 259.  (11th Cir. 2009)  Such a complaint is highly disfavored in the Eleventh Circuit. See *Jovine v. Abbott Laboratories*, 795 F. Supp.2d 1331 (D.C. S.D. Fla. 2011) Indeed,  such pleadings often are dismissed in their entirety with leave to amend. *Id*.

The Eleventh Circuit "has had much to say about shotgun pleadings, none of which is favorable." *Davis v. Coca–Cola Bottling Co.*, 516 F.3d 955, 979 n. 54 (11th Cir.2008) ("[S]ince 1985 we have explicitly condemned shotgun  pleadings  upward of fifty times."); *Strategic Income Fund, LLC v. Spear, Leeds & Kellogg Corp.*, 305 F.3d 1293, 1295 n. 9 (11th Cir.2002) ("This court has addressed the topic of shotgun pleadings on numerous occasions in the past, often at great length and always with great dismay."); *Byrne v. Nezhat*, 261 F.3d 1075, 1131 (11th Cir.2001)  ("Shotgun pleadings, if tolerated, harm the court by impeding its ability

to administer justice."); *Anderson v. D. Bd. of Trs. of Central Fla. Cmty. Coll.*, 77 F.3d 364, 367 (11th Cir.1996) (quotation omitted) .... Consequently, the Court will dismiss Plaintiff's Amended Complaint, in its entirety, for this reason.

Also, in Count Twenty Plaintiffs, allege that the Gonzalez Medical Center Inc intentionally and knowingly made "false and fraudulent statements of material fact" and "concealed material facts from GEICO in the course of submitting, or causing to be submitted, thousands of fraudulent charges through Gonzalez Medical Center Inc. Defendants without the specificity required by Federal Rule of Civil Procedure 9(b) Federal Rule of Civil Procedure 9(b) states: "(a) Fraud or Mistake; Conditions of Mind. In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally. Fed. Rule Civ. P. 9(b) ('Rule 9(b)')".

The "particularity" requirement "…[s]erves an important purpose in fraud actions by alerting parties to the 'precise misconduct with which they are charged' and protecting defendants 'against spurious charges of immoral and fraudulent behavior.' " Ziemba v. Cascade Intern., Inc., 256 F.3d 1194, 1202 (11th Cir.2001) (citation omitted). *See also* Friedlander v. Nims, 755 F.2d 810, 813 n. 3 (11th Cir.1985)(Rule 9(b) serves to "…[e]liminate fraud actions in which all the facts are learned through discovery after the complaint is filed").

To satisfy Rule 9(b)'s particularity standard it is generally required that a complaint identify (1) ***the precise statements, documents or misrepresentations made***; (2) ***the time and place of and persons responsible for the statement; (3) the content and manner in which the statements misled the plaintiff; and (4) what the Defendants gains***

*by the alleged fraud.* Ambrosia Coal & Const. Co. v. Pages Morales, 482 F.3d 1309, 1316–17 (11th Cir.2007). *See also* U.S. ex el. Atkins v. McInteer, 470 F.3d 1350, 1357 (11th Cir.2006). Furthermore, Rule 9(b) requires more than mere conjecture, speculation, or conclusory allegations that certain statements were fraudulent; it requires that a complaint plead facts giving rise to an inference of fraud. *See* U.S. ex rel. Clausen v. Laboratory Corp. of America, Inc., 290 F.3d 1301, 1313 (11th Cir.2002*)(*"If Rule 9(b) is to carry any water*,* it must mean that an essential allegation and circumstance of fraudulent conduct cannot be alleged in [a] conclusory fashion.... [A] plaintiff is not expected to actually prove his allegations," but it must offer more than "mere conjecture.").Id.

Rule 9(b) has been applied to a RICO claim predicated on a pattern of mail and wire fraud offenses. Brooks v. Blue Cross and Blue Shield of Florida, Inc., 116 F.3d 1364, 1380–82 (11th Cir.1997)(Rule 9(b) applies to a RICO action predicated on a pattern of mail and wire fraud; requiring plaintiff to identify the fraudulent representations with particularity and that, "…[a]t a minimum, the plaintiffs [ ] allege sufficient facts with enough specificity to show probable cause that the predicate acts were committed")(citations omitted); Ambrosia Coal & Const. Co., 482 F.3d at 1316–17 (similar).

Similarly, when FDUTPA allegations are based on fraudulent conduct the heightened pleading requirements of Fed. R. Civ. P. 9 (b) applies, requiring the even greater burden of setting forth all allegations of fraud with particularity as to each individual defendant. The FDUTPA claim merely sets forth a single, threadbare, conclusory allegation that all Defendants engaged in unfair, deceptive, and unconscionable acts or trade practices.

Accordingly, the FDUTPA allegations must be dismissed. For these reasons, DR. BLASINI respectfully requests that this Court dismiss Plaintiffs' Common Law and FDUTPA counts.

### III. COMPLAINT SHOULD BE DISMISSED FOR VIOLATION OF THE STATUTE OF LIMITATIONS

Pursuant to *Alford v. Wachovia Bank/World Sav. Bank,* 2010 U.S. Dist. LEXIS 14060 (E.D. Cal. Jan. 26, 2010): [A] limitations defense may be raised by a F.R.Civ.P. 12(b)(6) motion to dismiss. *Jablon v. Dean Witter & Co.,* 614 F.2d 677, 682 (9th Cir. 1980); *see Avco Corp.v. Precision Air Parts, Inc.,* 676 F.2d 494, 495 (11th Cir. 1982), *cert. denied*, 459 U.S. 1037, 103 S.Ct. 450 (1982). A F.R.Civ.P. 12(b)(6) motion to dismiss may raise the limitations defense when the statute's running is apparent on the complaint's face. *Jablon*, 614 F.2d at 682. If the limitations defense does not appear on the complaint's face and the trial court accepts matters outside the pleadings' scope, the defense may be raised by a motion to dismiss accompanied by affidavits. *Jablon*, 614 F.2d at 682; *Rauch v. Day and Night Mfg. Corp*., 576 F.2d 697 (6th Cir. 1978).

In the instant action, GEICO, in its complaint alleges that DR. BLASINI worked for Gonzalez Medical Center from March 2015 thru September 2017. No where in the Complaint does the Plaintiffs indicated that DR. BLASINI was involved in any way with Gonzalez Medical Center after September of 2017. **(ECF 1 Par. 4)**

On its face, it appears that the four (4) year statute of limitations to bring a claim against Dr. Wilfredo Blasini has expired. F.S. Section 95.11(3)(j) Therefore, this Court should dismiss the claim against Defendant Dr. Wilfredo Blasini as being time barred.

## IV. CONCLUSION

The complaint should be dismissed in its entirety for the failure to state a cause of action for which relief can be granted and for being time barred

**WHEREFORE**, the Defendant DR. WILFREDO BLASINI by and through his undersigned counsel, pursuant to Fed. R. Civ. P. 12(b)(6) and 12(e), pray this Court grant the relief requested herein.

Dated:  January 24, 2022.

                                                                                          Respectfully Submitted,

                                                                                          _____
                                                                                          Louis V. Martinez Esq.
                                                                                          Health Law Offices of Anthony C. Vitale P.A.
                                                                                         2333 Brickell Ave. Suite A-1
                                                                                         Miami, Florida 33129
                                                                                         Fl. Bar No.: 528862
                                                                                         lmartinez@vitalehealthlaw.com
                                                                                        *Attorney for: Dr. Wilfredo Blasini*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the foregoing Unopposed Motion Requesting Extension of Time to File Responsive Pleading and/or Answer, was electronically filed on January 24, 2022, with the Clerk of the Court using CM/ECF. I also certify that the foregoing document was served this day on all counsel of record identified on the attached Service List via electronic filing generated by CM/ECF:

/s/Louis V. Martinez Esq.
Louis V. Martinez