UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case Number: 21-24155-CIV-MORENO

GOVERNMENT EMPLOYEES INSURANCE
CO., GEICO INDEMNITY CO., GEICO
GENERAL INSURANCE COMPANY, and
GEICO CASUALTY CO.,

   Plaintiffs,

vs.

GILBERTO SECO, M.D., MED-UNION
MEDICAL CENTER, INC., JORGE A.
GONZALEZ, ALIUSKA AMIGO, L.M.T.,
SHINUET CABRERA, SERGIO VENTO
ANGARICA, JULIO CESAR PELAEZ,
F.N.P., LEANNE TRIGOURA, F.N.P.,
LEANNE TRIGOURA, F.N.P., BRYAN
ABREU, ORLANDO E. LEIVA, M.D.,
PREMIUM MEDICAL CENTER CORP.,
MABEL GUTIERREZ CONCEPCION,
L.M.T., OMNIA FERNANDEZ, A.G.N.P.,
GONZALEZ'S MEDICAL CENTER, INC.,
JOSE J. GONZALEZ, WILFREDO BLASINI,
M.D., ROSALVA ZEGARRA, P.A., FELIPE
DELGADO, L.M.T., and GISELA
CATALINA DE VALLE, L.M.T.,

   Defendants.
_____/

## ORDER DISMISSING COMPLAINT WITHOUT PREJUDICE

THIS CAUSE came before the Court upon Defendant Wilfredo Blasini's Motion to Dismiss **(D.E. 29)**, filed on **January 24, 2022**.

The Court has considered the motion, the pertinent portions of the record, and is otherwise fully advised of the premises. Plaintiffs' Complaint appears to be an impermissible shotgun pleading because it states multiple claims against multiple defendants without specifying

which of the Defendants are responsible for what acts and omissions. Therefore, Plaintiffs' Complaint is DISMISSED without prejudice. Plaintiffs may file an amended complaint that comports with this order no later than **May 20, 2022, at 12:00 p.m.**

## I. LEGAL STANDARD

A complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A court may dismiss a complaint for failing to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). "This requirement gives the defendant fair notice of what the claim is and the grounds upon which it rests." *McLaughlin v. Fla. Int'l Univ. Bd. of Tr.*, 533 F. Supp. 3d 1149 (S.D. Fla. 2021) (alteration adopted and internal quotation marks omitted).

## II. LEGAL ANALYSIS

Plaintiffs—Government Employees Insurance Company, GEICO Indemnity Company, GEICO General Insurance Company, and GEICO Casualty Company—seek to recover upwards of $ 4 million from Defendants—various medical providers—allegedly obtained from Plaintiffs by submitting fraudulent insurance charges. Defendant Blasini argues, among other things, that the Complaint is a shotgun pleading. He asks the Court to dismiss the counts against him that he says Plaintiffs failed to allege without specificity. However, the Court has a responsibility to ensure that complaints in their entirety are in compliance with the Federal Rules of Civil Procedure.

The Eleventh Circuit has identified four categories of shotgun pleadings:

> The most common type [of shotgun pleadings]—by a long shot—is a complaint containing multiple counts where each count adopts the allegations of all preceding

2

counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint. The next most common type, at least as far as our published opinions on the subject reflect, is a complaint that does not commit the mortal sin of re-alleging all preceding counts but is guilty of the venial sin of being replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action. The third type of shotgun pleading is one that commits the sin of not separating into a different count each cause of action or claim for relief. Fourth, and finally, there is the relatively rare sin of asserting multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against. The unifying characteristic of all types of shotgun pleadings is that they fail to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests.

*Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1321 (11th Cir. 2015).

Plaintiffs' Complaint, which brings declaratory-judgment, racketeering, unjust-enrichment, and fraud claims against Defendants is a shotgun pleading because several counts assert claims "without specifying which defendants the claim is brought against." *McLaughlin v. Fla. Int'l Univ. Bd. of Tr.*, No. 21-11453, 2022 WL 1203080, at *5 (11th Cir. April 22, 2022) (per curiam); *see also Gazzola v. NCL (Bahamas) Ltd.*, No. 19-21535-CIV, 2019 WL 3067506, at *2 (S.D. Fla. July 12, 2019) (dismissing shotgun pleading where certain paragraphs "group[ed] together the Defendants and [did] not specify which of the Defendants is responsible for which acts or omissions"). For example, Count 18 asserts a violation of the Racketeer Influenced and Corrupt Organization Act by Defendants J.J. Gonzalez, Seco, Blasini, Zegarra, Delgado, and De Valle. Specifically, paragraph 233 states: "J.J. Gonzalez, Seco, Blasini, Zegarra, Delgado, and De Valle knew of, agreed to and acted in furtherance of the common and overall objective . . . by submitting or facilitating the submission of the fraudulent charges to GEICO." But the allegations do not specify who submitted or facilitated the submission of what to GEICO. The Complaint fails to give fair notice of how one Defendant allegedly acted as opposed to another. The Court must DISMISS the Complaint as a shotgun pleading.

## III. CONCLUSION

Accordingly, it is **ORDERED and ADJUDGED:**

(1) The Complaint is DISMISSED without prejudice. Plaintiffs may file an amended complaint in compliance with this order by **May 20, 2022, at 12:00 p.m.**

(2) In redrafting the complaint, counsel is required to ensure that the amended complaint is not a shotgun pleading. *Weiland*, 792 F.3d at 1321-23.

(3) Further, each count shall state with specificity both the factual and legal basis for the claim it sets forth. If a claim is one where Federal Rule of Civil Procedure 9 is applicable, that claim must be pled with particularity. Other numbered paragraphs may be incorporated by reference, but this must be done with particularity so that only relevant paragraphs are referenced. It is impermissible to attempt a wholesale incorporation by reference of all preceding paragraphs.

(4) Failure to file an amended complaint in compliance with this order may result in the Court dismissing the amended complaint with prejudice.

DONE AND ORDERED in Chambers at Miami, Florida, this 13 of May 2022.

FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel of Record