UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

MIAMI DIVISION

CASE NO. 21-24155-CIV-MORENO/GOODMAN

GOVERNMENT EMPLOYEES
INSURANCE CO., et al.,

    Plaintiffs,

v.

GILBERTO SECO, M.D., et al.,

    Defendants.

_____/

## ORDER ON PLAINTIFFS' MOTION *IN LIMINE*

Plaintiffs Government Employees Insurance Co., GEICO Indemnity Co., GEICO General Insurance Company and GEICO Casualty Co. (collectively, "GEICO") filed [ECF No. 106] a motion *in limine* to (1) prevent two non-physician Defendants (J.J. Gonzalez and Shinuet Cabrera) from providing lay opinion testimony on medical and medical billing issues and (2) prevent Defendant Dr. Gilbert Seco from providing any testimony at trial (because the Clerk had entered a default against him by the time the motion had been filed).

Concerning Dr. Seco, the Undersigned **denies** the motion, as the Court has vacated the default [ECF No. 127], thereby rendering unavailable the only ground asserted for the relief. But as to Gonzalez and Cabrera, the Undersigned **grants** the motion.

This Order does not preclude Gonzalez and Cabrera from testifying at trial; it merely prohibits them from offering impermissible lay opinion testimony on myriad medical and medical billing issues because they are not doctors and lack the competence to offer professional and expert opinions about these issues. But the ruling also means that the Court will not consider for summary judgment purposes the off-limits topics in their declarations.

GEICO's Amended Complaint [ECF No. 61] contends that Defendants wrongfully obtained more than $3.8 million by submitting thousands of fraudulent no-fault insurance charges for medically unnecessary and otherwise non-reimbursable healthcare services purportedly provided to Florida automobile accident victims eligible for coverage under GEICO no-fault insurance policies.

**I.      Factual and Procedural Background**

Plaintiffs commenced this action on November 29, 2021. [ECF No. 1]. Then, on May 20, 2022, GEICO filed its Amended Complaint. [ECF No. 61].

According to the Amended Complaint, Gonzalez owned Med-Union Medical between at least 2014 and July 2017, controlled Med-Union Medical and used it as a vehicle to submit fraudulent no-fault insurance billing to GEICO and other insurers. The Amended Complaint alleges that Med-Union Medical, since at least 2014, falsely portrayed itself to be a properly-licensed healthcare clinic operating in compliance with applicable licensing and operating requirements.

The Amended Complaint alleges that Cabrera owned Med-Union Medical between July 2017 and February 2020, controlled Med-Union Medical and used it as a vehicle to submit fraudulent no-fault insurance billing to GEICO and other insurers.

On August 9, 2022, Plaintiffs timely disclosed James N. Dillard, MD, DC, LAc. FABPM&R ("Dr. Dillard") as their expert witness in this case and served Dr. Dillard's expert report on Defendants. Under the Court's June 27, 2022 Scheduling Order Setting Trial, Defendants were due to disclose their own experts (along with their reports) at least 30 days before the September 8, 2022 fact discovery deadline. [ECF No. 69]. Defendants did not disclose any experts to Plaintiffs, however.

On October 6, 2022, Plaintiffs and the Gonzalez's Medical Defendants each made summary judgment motions. In support of their own summary judgment motion, the Gonzalez's Medical Defendants submitted a declaration from J.J. Gonzalez [ECF No. 89-1] and a declaration from Dr. Seco [ECF No. 89-2].

In their responsive memorandum of law [ECF No. 99], Plaintiffs objected to the following paragraphs of J.J. Gonzalez's declaration: (i) ¶ 5 (wherein J.J. Gonzalez, a lay witness with no professional healthcare license, purports to opine that "[b]ased on this evaluation and diagnosis of the GEICO insureds, Dr. Seco prescribed passive therapeutic modalities that required the use of simple handled [sic] devices. The prescribed modalities in this case are common to the practice of massage therapy, medicine, and physical therapy, and were provided for the GEICO insureds incident to the medical practice, or services of Dr. Seco"); (ii) ¶ 7 (wherein J.J. Gonzalez opines that "[t]he examination reports contained the

type of history that was memorialized, the type of exam performed and medical decision making"); and (iii) ¶ 8 (wherein J.J. Gonzalez opines that "both I and Gonzalez disclosed all material facts in our possession on a case[-]by[-]case basis to support our opinion—specifically, the facts contained in the accident reports and treatment records—that the services were, in fact, medically necessary") (emphasis in original).

In Plaintiffs' responsive memorandum of law, Plaintiffs further objected to Defendant Seco's declaration in its entirety, in light of the fact that he was (at least at the time) in default.

On October 27, 2022, Defendants submitted their opposition to Plaintiffs' summary judgment motion. In opposition to Plaintiffs' motion, and in support of their own motion for summary judgment, Defendants submitted a declaration from Cabrera [ECF No. 97-2] and a supplemental declaration from Dr. Seco [ECF No. 97-1].

In Plaintiffs' responsive memorandum of law, they objected to the following paragraphs of Cabrera's declaration: (i) ¶¶ 4, 6 (wherein Cabrera opines that the massage therapists provided physiotherapeutic modalities "incident to massage"); (ii) ¶ 12 (wherein Cabrera opines as to the supposed legitimacy of the treatment and billing at Med-Union Medical); and (iii) ¶ 13 (wherein Cabrera opines that Med-Union Medical did not misrepresent that the "services were medically necessary" and that Med-Union Medical disclosed "all material facts . . . contained in the accident reports and treatment records which were not falsified").

In Plaintiffs' responsive memorandum of law, Plaintiffs further objected to Defendant Seco's supplemental declaration in its entirety, again in light of the fact that he was in default.

4

Dr. Seco and other defaulting Defendants filed a motion [ECF No. 96] to set aside the default. The Undersigned issued a Report and Recommendations [ECF No. 120], recommending that the Court grant the motion. No objections were filed, and Senior United States District Judge Federico A. Moreno adopted the R & R and vacated the defaults. [ECF No. 127].

## II.      Applicable Legal Standard and Analysis

The trial court has broad discretion to decide questions of admissibility of evidence. *See United States v. Cardenas*, 895 F.2d 1338, 1342 (11th Cir. 1990) (*citing United States v. Hicks*, 798 F.2d 446, 451 (11th Cir. 1986)). Evidence is admissible if relevant, and evidence is relevant if it has any tendency to prove or disprove a fact of consequence. Fed. R. Evid. 401, 402; Advisory Comm. Notes, Fed. R. Evid. 401 ("The standard of probability under the rule is 'more probable than it would be without the evidence.'"); *United States v. Patrick,* 513 F. App'x 882, 886 (11th Cir. 2013).

Determinations of the admissibility of lay testimony rest in the hands of the trial judge, whose exercise of discretion in this regard will not be overturned absent clear abuse. *Dallis v. Aetna Life Ins. Co.,* 768 F.2d 1303, 1306 (11th Cir. 1985).

Federal Rule of Evidence 701 permits lay testimony in the form of opinions or inferences if that testimony is "(a) rationally based on the perception of the witness, (b) helpful to . . . the determination of a fact in issue, and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702." In other words, "[i]f a witness is **not** testifying as an **expert**, testimony in the form of an opinion is limited to one that is: (a)

5

rationally based on the witness's perception; (b) helpful to clearly understanding the witness's testimony or to determining a fact in issue; and (c) 'not based on scientific, technical, or other specialized knowledge' within the scope of Rule 702." *In re Am. Airlines Flight 331*, No. 10-20131, 2013 WL 12340397, at *1 (S.D. Fla. 2013) (Moreno, J.) (emphasis added).

Further, "[a] witness may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter. *Id.* at *7. Moreover, hearsay is not admissible unless otherwise provided by rule or statute. Fed. R. Evid. 802; *McCaskill v. Ray*, 279 F. App'x 913, 914 (11th Cir. 2008).

Medical diagnoses and medical causation opinions ordinarily present technical and scientific issues that require the specialized knowledge of an expert witness. *See Wingster v. Head*, 318 F. App'x 809, 815–16 (11th Cir. 2009) (connection between assault and brain aneurysm required testimony of medical expert); *In re Trasylol Prod. Liab. Litig.*, No. 08-MD-1928, 2013 WL 3353833, at *3 (S.D. Fla. July 3, 2013) ("Expert medical opinion evidence is usually required to show the cause of an injury or disease because the medical effect on the human system of the infliction of injuries is generally not within the sphere of the 'common knowledge of the lay person.'" (citations omitted)).

In addressing the 2000 amendment to Rule 701, the Eleventh Circuit has noted that "the addition of subsection (c) was an attempt 'to eliminate the risk that the reliability requirements set forth in Rule 702 will be evaded through the simple expedient of proffering an expert in lay witness clothing.'" *Tampa Bay Shipbuilding & Repair Co. v. Cedar Shipping Co.*,

320 F.3d 1213, 1222 (11th Cir. 2003) (quoting Fed. R. Evid. 701 Advisory Committee Notes (2000 amend.)).

> The requirement that a lay witness's opinion be rationally related to his perception is satisfied where his or her perception is based on a review of relevant documents, both in and not in evidence. Indeed, the witness's opinion must be based on a rational perception of the reviewed information, and the witness must not 'merely deliver[ ] a jury argument from the witness stand' based on inferences drawn from facts already in evidence.

*Gov't Empls. Ins. Co. v. Gomez-Cortes*, No. 20-21558, 2022 WL 2173377, at *5 (S.D. Fla. June 15, 2022) (citing *United States v. Jayyousi*, 657 F.3d 1085, 1102-03 (11th Cir. 2011) (internal citations omitted).[1]

The parties' contentions are easy to summarize. Plaintiffs say that Defendants have impermissibly submitted declarations from Cabrera and Gonzalez, who are not trained as experts and whose lay opinions are not limited to the areas permitted by Rule 702. Plaintiffs suggest a motivation for this development: They say Defendants are, in effect, trying to sneak in expert opinions because they failed to timely disclose an actual expert. Meanwhile, Defendants contend that Gonzalez and Cabrera's views (articulated in their declarations) are permissible under Rule 701 because they are merely their "perceptions." Defendants also argue that the statements on coding and medical necessity are not expert "opinions" because,

---

[1] Counsel for the plaintiff and some defendants in *Gomez-Cortes* are also counsel in the instant case. GEICO filed a motion to preclude a defendant in that case from offering testimony in the form of lay opinions she was not qualified to provide and Chief Magistrate Judge Edwin G. Torres issued a ruling which explained in detail what topics the defendant could testify about and which topics were off limits because they were expert opinions which were beyond her experience as a medical clinic office manager.

according to them, the issues of coding and medical necessity are irrelevant. The Undersigned rejects this argument for the same reasons outlined in the earlier-issued Order on Defendants' Motion to Strike Dr. James Dillard. [ECF No. 129].

It is uncontested that Defendants failed to disclose Defendants Cabrera and Gonzalez as experts. Second, Defendants do not argue that Cabrera and Gonzalez have any medical professional training, education, or licenses, which means this fact is, for all practical purposes, not in dispute.

Similarly, neither Cabrera nor Gonzalez is certified on medical coding or billing, and their day-to-day experiences as clinic owners are not alleged to include administering medical treatment or conducting medical assessments on patients. Therefore, Cabrera and Gonzalez are clearly unqualified to provide opinion testimony on the specific topics listed above (i.e., the topics on which Plaintiffs lodged specific objections).

These objected-to topics are expert opinions that go beyond both the boundaries of Rule 701 testimony and Defendants' experiences as clinic owners. *See Wingster v. Head*, 318 F. App'x 809, 814 (11th Cir. 2009) (noting that testimony regarding "medical causation issue[s] [were] beyond the scope of a layperson's knowledge [and] required competent medical testimony"); *Serrano v. Fam. Dollar Stores of Fla., LLC*, No. 19-81257-CIV, 2021 WL 3036673, at *3 (S.D. Fla. June 9, 2021) (**admitting** testimony regarding the **propriety of medical billing** where the witness was a "certified medical **coding expert**" with "decades of practice in the medical field," and noting that, "medical billing and coding issues are beyond the knowledge of an ordinary juror") (emphasis added); *Pringle v. Johnson & Johnson*, No. 13-81022-CIV, 2019

WL 6723822, at *3 (S.D. Fla. Dec. 11, 2019) ("[A]ny testimony about the underlying cause of the patient's injury would be an [sic] hypothesis, and the ability to answer hypothetical questions is the essential difference between expert and lay witnesses." (marks and citation omitted)); *Sowers v. R.J. Reynolds Tobacco Co.*, No. 3:09-cv-11829, 2015 WL 12839775, at *5 (M.D. Fla. Jan. 23, 2015), aff'd, 975 F.3d 1112 (11th Cir. 2020) ("[O]pinions regarding medical causation require scientific and specialized knowledge, and thus are not admissible when offered by lay witnesses.").

Defendants proclaim that the opinions and testimony at issue are permissible because Cabrera and Gonzalez are merely discussing their perceptions. But simply saying this does not make it so. The two Defendants were doing far more than stating their *perceptions* about medical necessity and coding in their declarations. Defendants' crabbed view about the nature of the testimony in the declarations is unrealistic and illogical.

For example, Gonzalez's declaration boldly states that neither he nor Gonzalez's Medical "misrepresented the nature, the extent, of the initial and follow up exams with CPT Codes 99204 and 9921" and that the coding "is an opinion rather than a misstatement of fact because [they] disclosed all material facts in [their] possession to support [their] opinion." [ECF No. 89-1 (emphasis in original)]. His declaration further advances the notion that it was merely an "opinion" that the medical services "were, in fact, medically necessary" because the facts contained in the accident reports and treatment records were disclosed.

Likewise, Cabrera's declaration [ECF No. 97-2] also includes assertions that neither she nor Med-Union Medical misrepresented the nature and extent of the initial and follow

9

up exams through coding, as the coding is merely "an opinion statement" that the exams "were properly coded rather than up coded [sic]" (because they disclosed all material facts in their possession). Similarly, her declaration proclaims that statements about medical necessity were mere opinions.

Accordingly, Plaintiffs' motion is granted. Defendants Cabrera and Gonzalez are precluded from providing expert-type opinion testimony as lay persons, not disclosed as expert witnesses, with regard to these topics at trial.[2]

They are not, however, prohibited from testifying about other *general* topics, such as "how the doctors and therapists conducted intakes, processed patients, and assigned treatment modalities." *Gomez-Cortes*, 2022 WL 2173377, at *5. This potential testimony, of course, *assumes* that the two Defendants have adequate personal knowledge of what went on at the clinics they owned. *Id.* (explaining that Defendant had years of experience as a healthcare office manager and was physically present in her role as owner/manager "during most of the consultations or treatment sessions" at issue in the lawsuit).

---

[2] The prohibited topics are: (i) the legitimacy and necessity of the supposed healthcare services provided and billed through Gonzalez's Medical or Med-Union Medical; (ii) whether the physicians or other healthcare providers who worked at Gonzalez's Medical or Med-Union Medical acted within the accepted standards of the medical community; (iii) the sufficiency of the medical documentation generated by the healthcare providers at Gonzalez's Medical or Med-Union Medical; (iv) the legitimacy and extent of the supposed medical decision-making engaged in by the physicians or other healthcare providers at Gonzalez's Medical or Med-Union Medical; (v) the nature and extent of the injuries that the patients at Gonzalez's Medical or Med-Union Medical supposedly sustained; (vi) the appropriateness of the billing codes used to bill for Gonzalez's Medical's or Med-Union Medical's services; and (vii) whether Gonzalez's Medical's or Med-Union Medical's purported medical directors met their treatment and oversight obligations.

For the reasons outlined above, the Undersigned **grants in large part** and **denies in small part** Plaintiffs' motion *in limine*.

**DONE AND ORDERED** in Chambers, in Miami, Florida, on December 8, 2022.

Jonathan Goodman
UNITED STATES MAGISTRATE JUDGE

**Copies furnished to:**
The Honorable Federico A. Moreno
All Counsel of Record