UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 21-24155-CIV-MORENO/GOODMAN

GOVERNMENT EMPLOYEES
INSURANCE CO., et al.,

    Plaintiffs,

v.

Gilberto Seco, M.D., et al.,

    Defendants.

_____/

## REPORT AND RECOMMENDATIONS ON
## GEICO'S MOTION FOR DEFAULT FINAL JUDGMENT

Plaintiffs Government Employees Insurance Co., GEICO Indemnity Co., GEICO General Insurance Company, and GEICO Casualty Co. (collectively "GEICO" or "Plaintiffs") filed the instant action against Florida healthcare clinics and individuals associated with those clinics[1] for engaging in allegedly fraudulent billing practices which

---

[1] Defendants are New Generation Rehabilitation Inc. ("New Generation Rehab"); Bryan Abreu ("Abreu" and collectively, "Defaulted Defendants"); Med-Union Medical Center, Inc. ("Med-Union Medical"); Gonzalez's Medical Center, Inc. ("Gonzalez's Medical"); Gilberto Seco, M.D. ("Seco"); Jose J. Gonzalez ("J.J. Gonzalez"); Jorge A. Gonzalez ("J.A. Gonzalez"); Aliuska Amigo ("Amigo"); Shinuet Cabrera ("Cabrera"); Sergio Vento Angarica ("Angarica"); and Wilfredo Blasini, M.D. ("Blasini").

Plaintiffs settled with Blasini and he has been dismissed from this case. [ECF No. 95].

purportedly resulted in GEICO wrongfully paying more than $3,800,000.00 in benefits under GEICO no-fault insurance policies. [ECF No. 61].

GEICO filed the instant motion seeking a default final judgment against Defaulted Defendants New Generation Rehab and Abreu as to Counts 13, 16-18 of the Amended Complaint [ECF Nos. 61; 131]. No response was filed and the time to do so has passed.

Senior United States District Judge Federico A. Moreno has referred to the Undersigned "any and all pretrial matters" pursuant to 28 U.S.C. § 636. [ECF No. 101]. For the reasons discussed in detail below, the Undersigned **respectfully recommends** that the District Court **deny without prejudice** GEICO's motion. GEICO should be permitted to renew its motion at the conclusion of the case, if necessary.

I.  Background

   A.  Plaintiffs' Claims

In the operative Amended Complaint, GEICO alleges 18 causes of action against Defendants. [ECF No. 61]. With respect to the Defaulted Defendants, GEICO has alleged claims for declaratory judgment against New Generation Rehab (Count 13); violations of the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA"), Fla. Stat. § 501.201, et. seq., against New Generation Rehab, Abreu, Blasini, [2] and Seco (Count 16); common law fraud against New Generation Rehab, Abreu, and Seco (Count 17); and unjust enrichment against New Generation Rehab, Abreu, and Seco (Count 18). [ECF No. 61]. Thus, Counts

---

[2]   As noted above, Blasini is no longer in this case.

16 through 18 involve claims against a no-longer-defaulted defendant, Seco.[3]

GEICO has also moved for summary judgment on the following claims: declaratory judgment against Med-Union Medical (Count 1); violations of FDUTPA against Med-Union Medical, J.A. Gonzalez, Amigo, Cabrera, Angarica, and Seco (Count 4); unjust enrichment against Med-Union Medical, J.A. Gonzalez, Amigo, Cabrera, Angarica, and Seco (Count 6); declaratory judgment against Gonzalez's Medical (Count 7); violation of FDUTPA against Gonzalez's Medical, J.J. Gonzalez, Blasini, and Seco (Count 10); and unjust enrichment against Gonzalez's Medical, J.J. Gonzalez, Blasini, and Seco (Count 12). [ECF No. 86].

Defendants Gonzalez's Medical, Seco, and J.J. Gonzalez have moved for summary judgment on all claims asserted against them. [ECF No. 90]. The parties' summary judgment motions are the subject of a Report and Recommendations. [ECF No. 148].

B. Clerk's Default

On October 18, 2022, Judge Moreno entered an Omnibus Order directing the Clerk of the Court to enter a default against Defendants Seco, J.A. Gonzalez, Amigo, New Generation Rehab, and Abreu for failing to attend the mediation. [ECF No. 95]. Judge Moreno's Order also stated that "[u]pon entry of default by the Clerk, [ ] Plaintiffs may file a motion for Default Judgment in accordance with Rule 55 of the Federal Rules of

---

[3] GEICO also alleges violations of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961, *et seq.*, against Abreu in Counts 14 and 15, but it does not seek a default judgment against Abreu on the RICO counts.

Civil Procedure." *Id.*

On November 1, 2022, the Clerk entered a default against Defendants Seco, J.A. Gonzalez, Amigo, New Generation Rehab, and Abreu. [ECF No. 102].

Defendants Seco, J.A. Gonzalez, Amigo (but not New Generation Rehab, and Abreu) moved to set aside the Clerk's Default. [ECF No. 96]. The Undersigned issued a Report and Recommendations recommending that the motion be granted and that the Court set aside the Clerk's Default as to the moving Defendants (Seco, J.A. Gonzalez, and Amigo). [ECF No.120]. The Court adopted this Report and Recommendations. [ECF No. 127]. Therefore, the Clerk's Default remains in place only as to New Generation Rehab and Abreu.

### C. Instant Motion

Plaintiffs move for final default judgment against New Generation Rehab and Abreu on Counts 13 and 16-18 of the Amended Complaint. [ECF No. 131, p. 1].

## II. Legal Standard

Federal Rule of Civil Procedure 55(a) states that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." A party may then apply to the District Court for a default final judgment. Fed. R. Civ. P. 55(b)(2); *Alfa Corp. v. Alfa Mortg. Inc.*, 560 F. Supp. 2d 1166, 1173 (M.D. Ala. 2008).

4

A court may not enter a default final judgment based solely on the existence of a clerk's default. *Id.* at 1174. Instead, a court is required to examine the allegations to see if they are well-pleaded and present a sufficient basis to support a default judgment on the causes of action. *Id.* (citing *Nishimatsu Constr. Co., Ltd. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)).[4] Only those factual allegations that are well-pleaded are admitted in a default judgment. *Buchanan v. Bowman*, 820 F.2d 359, 361 (11th Cir. 1987).

The decision whether to enter a default judgment "is committed to the discretion of the district court." *Hamm v. DeKalb Cty.*, 774 F.2d 1567, 1576 (11th Cir. 1985). Default judgments are "generally disfavored" because this Circuit has a "strong policy of determining cases on their merits." *Surtain v. Hamlin Terrace Found.*, 789 F.3d 1239, 1244–45 (11th Cir. 2015). In addition to assessing whether the complaint adequately sets forth facts to support the plaintiff's claims, a court considering the entry of a valid default judgment must "have subject-matter jurisdiction over the claims and have personal jurisdiction over the defendant." *Osborn v. Whites & Assocs. Inc.*, No. 1:20-cv-02528, 2021 WL 3493164, at *2 (N.D. Ga. May 20, 2021) (citing *Oldfield v. Pueblo De Bahia Lora, S.A.*, 558 F.3d 1210, 1215 & n.13 (11th Cir. 2009)).

A court may conduct a hearing on a motion for default judgment when, in order "to enter or effectuate judgment, it needs to: (A) conduct an accounting; (B) determine

---

[4] In *Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981), our appellate court held that all Fifth Circuit decisions issued before September 30, 1981 would become binding precedent in the Eleventh Circuit.

the amount of damages; (C) establish the truth of any allegation by evidence; or (D) investigate any other matter." Fed. R. Civ. P. 55(b)(2); s*ee also Tara Prods., Inc. v. Hollywood Gadgets, Inc.*, 449 F. App'x 908, 911-12 (11th Cir. 2011) (noting that Rule 55(b)(2) "leaves the decision to hold an evidentiary hearing to the court's discretion").

**III.   Analysis**

As noted above, Plaintiffs seek a default final judgment in their favor as to Counts 13 and 16-18 of the Amended Complaint. [ECF Nos. 61; 131, p. 1]. Counts 16, 17, and 18 also include Defendant Seco.

The instant case involves claims against both defaulted (New Generation Rehab and Abreu) and non-defaulted Defendants. Courts have been reluctant to enter default judgments in cases where there are both defaulted and non-defaulted defendants. *See*, *e.g.*, *Houston Cas. Co. v. Endurance Assurance Corp.*, No. 6:22-CV-1429-RBD-LHP, 2023 WL 2633312, at *2 (M.D. Fla. Mar. 24, 2023) (denying motion for default judgment without prejudice because there was a non-defaulted defendant); *Progressive Mountain Ins. Co. v. Mobile Maint. on the Go, LLLP*, No. 1:20-CV-01665-JPB, 2022 WL 1714859, at *1 (N.D. Ga. Feb. 10, 2022) (declining to enter a default judgment while the declaratory action was pending against other, non-defaulted defendants).

In cases where there are both defaulted and non-defaulted defendants, a court should defer entering a judgment of liability against the defaulted defendant(s) where both the defaulted and non-defaulted defendants are jointly liable. This practice is

6

designed to avoid inconsistent judgments. *See Frow v. De La Vega*, 15 Wall. 552, 82 U.S. 552, 21 L.Ed. 60 (1872).

"Several Circuits, including the Eleventh [Circuit], have found *Frow* applies to situations where defendants are jointly and severally liable, **or have closely related defenses**." *Rodriguez v. Guacamole's Authentic Mexican Food & More, LLC*, No. 11-62527-CIV, 2012 WL 718688, at *2 (S.D. Fla. Mar. 6, 2012) (emphasis added). Even where there is no joint liability, the Eleventh Circuit has stated that it is "sound policy" that "when defendants are similarly situated, but not jointly liable, judgment should not be entered against a defaulting defendant if the other defendant prevails on the merits." *Gulf Coast Fans, Inc. v. Midwest Elecs. Importers, Inc.*, 740 F.2d 1499, 1512 (11th Cir. 1984) (citing C. Wright & A. Miller, Federal Practice and Procedure, § 2690, 6 Moore, Federal Practice, ¶ 55.06).

Here, it cannot be reasonably disputed that the claims against the defaulted Defendants (New Generation Rehab and Abreu) are closely related to (and in some instances identical to) the claims of the non-defaulted Defendants.

In Count 13, Plaintiffs allege they are entitled to a declaratory finding that they are not liable to pay any outstanding PIP bills from New Generation Rehab due to New Generation Rehab's fraud or violations of the law.

In their motion, Plaintiffs contend they are entitled to a default judgment against New Generation Rehab as to Count 13 because New Generation Rehab is a defaulted

7

defendant and they sufficiently alleged facts in the Amended Complaint to support their declaratory judgment claim against this Defendant. But Plaintiffs have alleged nearly identical claims for declaratory relief against non-defaulted Defendants. *See* [ECF No. 61, Counts 1 and 7, (seeking declaratory relief against Med-Union Medical and Gonzalez's Medical, respectively)].

Moreover, the Amended Complaint alleges that New Generation Rehab was never entitled to collect PIP benefits because it operated in violation of the Clinic Act, billed for services that were performed by massage therapists, and misrepresented the nature and extent of the underlying healthcare services, to the extent they were actually rendered. But as discussed in more detail in the Undersigned's Report and Recommendations on the parties' cross-motions for summary judgment, genuine factual issues abound concerning the allegations listed above, which are the basis for *every* count in the Amended Complaint, not just the counts against the Defaulted Defendants.

Thus, if the Court enters a default judgment in GEICO's favor on Count 13 and the non-defaulted Defendants are able to prevail on some or all of these claims at trial, it would result in inconsistent judgments.

Additionally, although Count 13 concerns only New Generation Rehab, the Court should nonetheless deny the instant motion without prejudice as to this Count. Plaintiffs moved for summary judgment on Count 13. *See* [ECF No. 86 ("GEICO's First, Seventh, and Thirteenth Causes of Action seek declaratory judgment that the respective Clinic

Defendants have no right to receive payment on any pending bills submitted to GEICO.")]. Count 13 is already addressed in the Report and Recommendations on Plaintiffs' summary judgment motion along with the other related declaratory judgment counts (Counts 1 and 7) against non-defaulted Defendants. If the Court were to enter a default judgment on Count 13 against Abreu, and the non-defaulted Defendants prevail at trial on even part of Counts 1 and/or 7, then it could result in inconsistent judgments.

Plaintiffs have also moved for a default judgment against New Generation Rehab and Abreu on Counts 16-18. But these counts also seek to hold Seco (a no-longer defaulted Defendant) liable. [ECF No. 61]. If this case proceeds to trial and the jury finds for Seco on even part of these claims, then it could result in inconsistent judgments. Therefore, the Court should also deny Plaintiffs' motion without prejudice as to Counts 16-18 at this juncture.

## IV. Conclusion

To avoid inconsistent judgments, the Undersigned **respectfully recommends** that the District Court **deny without prejudice** Plaintiffs' motion for default final judgment against Defendants New Generation Rehab and Abreu and provide Plaintiffs with leave to reassert their motion at the conclusion of the proceedings, if warranted.

## V. Objections

The parties will have fourteen (14) days from the date of being served with a copy of this Report and Recommendations within which to file written objections, if any, with

the District Judge. Each party may file a response to the other party's objection within fourteen (14) days of the objection. Failure to file objections timely shall bar the parties from a *de novo* determination by the District Judge of an issue covered in the Report and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in the Report except upon grounds of plain error if necessary in the interests of justice. *See* 29 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989); 11th Cir. R. 3-1 (2016).

**RESPECTFULLY RECOMMENDED**, in Chambers, in Miami, Florida, on August 7, 2023.

Jonathan Goodman
UNITED STATES MAGISTRATE JUDGE

**Copies furnished to:**
The Honorable Federico A. Moreno
All Counsel of Record